693 F.2d 1085
 1982-83 Trade Cases 65,089
 PROFESSIONAL BASEBALL SCHOOLS AND CLUBS, INC., Plaintiff-Appellant,
v.
Bowie K. KUHN, as Commissioner of Organized Baseball;
National Association of Professional Baseball Leagues, and
John H. Johnson, as President; The Carolina League of
Professional Baseball Clubs, Inc., a North Carolina
corporation, and James B. Mills, as President, Defendants-Appellees.
 No. 82-5282
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 16, 1982.
 Alan E. Dubow, Coconut Grove, Fla., for plaintiff-appellant.
 John F. Wendel, Lakeland, Fla., James P. Garner, Cleveland, Ohio, Louis L. Hoynes, Jr., New York City, for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case concerns a dispute over a baseball franchise in the Carolina League. Professional Baseball Schools & Clubs, Inc., appellant here, brought suit in federal district court against the Commissioner of Baseball, the National Association of Professional Baseball Leagues and its president, and the Carolina League of Professional Baseball Clubs and its president, alleging various violations of the Sherman and Clayton Antitrust Acts. 15 U.S.C. Secs. 1 & 2; 15 U.S.C. Sec. 14. The complaint also included a pendent state claim. The district court dismissed the complaint for want of subject matter jurisdiction. We affirm.
 
 
 2
 Appellant, holder of a baseball franchise in the Carolina League at the time this suit was filed, challenged the following activities of the defendants as violative of federal antitrust laws:
 
 
 3
 1. the player assignment system and the franchise location system,
 
 
 4
 2. monopolization of the business of professional baseball, and
 
 
 5
 3. the Carolina League's rule requiring member teams to only play games with other teams that also belong to the National Association.
 
 
 6
 Appellant also lodged a state law claim against the Carolina League and its president alleging reliance upon false promises.
 
 
 7
 The jurisdiction of the court was invoked pursuant to 28 U.S.C. Sec. 1337 and 15 U.S.C. Sec. 15.
 
 
 8
 Although it may be anomalous, the exclusion of the business of baseball from the antitrust laws is well established. Flood v. Kuhn, 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972); Toolson v. New York Yankees, 346 U.S. 356, 74 S.Ct. 78, 98 L.Ed. 64 (1953); Federal Baseball Club of Baltimore, Inc. v. National League of Professional Baseball Clubs, 259 U.S. 200, 42 S.Ct. 465, 66 L.Ed. 898 (1922). Each of the activities appellant alleged as violative of the antitrust laws plainly concerns matters that are an integral part of the business of baseball. The district court therefore properly dismissed the antitrust claims for want of subject matter jurisdiction. Since no independent basis existed for federal jurisdiction of the state law claim, the district court properly dismissed it for want of subject matter jurisdiction. See Daniels v. All Steel Equipment, Inc., 590 F.2d 111, 114 (5th Cir.1979).
 
 
 9
 AFFIRMED.